United States District Court
Southern District of Texas
**ENTERED**
October 26, 2018
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| EDGAR FAYE HUNTER, § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. H-17-738 |
| § | |
| NANCY A. BERRYHILL, § | |
| ACTING COMMISSIONER OF § | |
| THE SOCIAL SECURITY § | |
| ADMINISTRATION, § | |
| Defendant. § | |

## MEMORANDUM AND RECOMMENDATION
## ON PLAINTIFF'S MOTION FOR ATTORNEY'S FEES

Pending before the court is Plaintiff's Motion for Attorney's Fees and Costs. (Docket Entry No. 19.) For the reasons stated below, the court recommends that the motion be GRANTED in part.

Hunter filed this action for review of the Social Security Administration's denial of disability benefits. (Docket Entry No. 1.) The parties filed cross-motions for summary judgment. (Docket Entry Nos. 14 & 15.) United States Magistrate Judge Stephen Smith recommended that Hunter's motion be granted, that the Commissioner's motion be denied, and that the case be remanded for further administrative proceedings. (Docket Entry No. 16.) Judge Hittner adopted the report and recommendation and entered final judgment in favor of Hunter. (Docket Entry Nos. 17 & 18.) Hunter's counsel filed a motion seeking attorney's fees, and

that motion has been referred to the undersigned for report and recommendation. (Docket Entry No. 19.)

Under the Equal Access to Justice Act ("EAJA"), the prevailing party in a case against the United States is entitled to reasonable attorney's fees, provided that the position of the United States was not substantially justified. 28 U.S.C. § 2412(d)(1)(B). The Commissioner does not dispute that Hunter is a prevailing party or that the position of the United States was not substantially justified. The Commissioner agrees that some amount of attorney's fees is proper but argues that the requested fees are not reasonable.

The Commissioner's first argument is that the 43.8 hours claimed is unreasonable, because it is greater than forty hours. The Commissioner cites *Garza v. Astrue*, 2010 WL 2278348 at *2 (W.D. Tex. 2010, No. SA-08-CV-789-XR), for the proposition that a typical request for attorney's fees under the EAJA in social security cases involves between thirty and forty attorney hours. *Garza* does mention those figures, but also says that "[a]wards for even forty-seven hours are not out of line." The district court in *Garza* awarded compensation for forty-five attorney hours. The 43.8 hours claimed in this case is not, without more, unreasonable.

The Commissioner also argues that the eleven hours Hunter's counsel spent reviewing the administrative record was excessive. The administrative transcript

was 1184 pages long. Eleven hours to review, digest, and analyze an administrative record of that length is not unreasonable. However, work that could have been performed by clerical staff is not compensable. *Garza*, 2010 WL 2278348 at *2. The itemization of counsel's attorney's fees includes time dedicated to downloading the transcript, which could have been done by counsel's clerical staff. The court will therefore reduce the attorney's fee award by one-half hour to account for this time.

The Commissioner also objects to the 13.5 hours spent preparing the motion for summary judgment. The court has reviewed the motion and notes that it was twenty-two pages long. It was well-reasoned and well-researched, both legally and factually. The hours claimed appear reasonable, with one exception. The itemization of hours includes time spent filing the motion, which could have been done by clerical staff. Therefore, the court will reduce the award by one-half hour to account for the time spent filing the motion.

For these reasons, the court recommends that the motion for attorney's fees be GRANTED in part and DENIED in part. The court recommends that Hunter's counsel recover 42.8 hours at a rate of $190.62, for a total of $8,158.54.

The parties have 14 days from service of this memorandum and recommendation to file written objections. Failure to file timely objections precludes appellate review of factual findings or legal conclusions, except for plain error. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72.

Signed at Houston, Texas, on October 23, 2018.

_____
Peter Bray
United States Magistrate Judge